UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ENTLAW LA, PLC           *   CIVIL ACTION NO.: 3:09-cv-948-RET-SCR
                                           *
                                           *
VERSUS                              *   JUDGE: TYSON
                                           *
PEERLESS INDEMNITY INSURANCE   *
COMPANY                         *   MAGISTRATE: RIEDLINGER
                                           *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **PROTECTIVE ORDER**

Upon good cause shown and the parties' agreement herein, the Court orders that all financial, proprietary or private, nonpublic information provided by Plaintiff to Defendants prior to or after mediation, in response to discovery as well as any deposition testimony and exhibits of Plaintiff, its officers, agents, representatives, current or former staff, experts and any other third parties having knowledge of such financial, proprietary, or private, nonpublic information at any and all times and in any manner relevant to this lawsuit is and shall be subject to the following:

      1.     Plaintiff shall mark or identify any documents it deems necessary for protection as "Confidential," and when sent by electronic mail Plaintiff's and Plaintiff's attorneys' "confidentiality clause" in the cover email shall constitute the email and all attachments as being marked or identified as "Confidential", including, but not limited to, discovery responses and deposition testimony, exhibits, transcripts and recordings, copies and excerpts thereof, and all documents which may be produced or which have been produced to one or more Defendants or their counsel relative to

mediation, discovery or otherwise, and these documents (the "Confidential Documents") shall be bound by this Order.

2. At Plaintiff's request, which is made herein, all deposition testimony, exhibits, transcripts and recordings, copies and excerpts thereof given by Plaintiff, its officers, agents, representatives, current or former staff, experts and any other third parties having knowledge of Plaintiff's financial, proprietary, or private, nonpublic information, shall be made under seal of confidentiality and shall not be made public, and shall constitute a part of the Confidential Documents.

3. All Confidential Documents shall be used solely for the purposes of the defendants' evaluation and adjustment of the Plaintiff's Hurricane Gustav claim and/or this lawsuit.

4. Defendants shall not circulate or disclose any of the Confidential Documents or copies, excerpts or contents thereof to individuals or entities other than their counsel, employees/paralegals assisting counsel in this case, experts in this matter, auditors, reinsurers, underwriters, or other employees of Defendants who may need access to documentation in Plaintiff's claim file to evaluate and/or make payments on Plaintiff's Hurricane Gustav claim.

5. Within thirty days after the conclusion of this lawsuit, whether resolution by mediation, trial or otherwise, defendants shall return to Plaintiff or destroy all Confidential Documents and all copies and extracts thereof, except that Defendant shall retain a copy of the Confidential Documents to be maintained in Defendants' files pursuant to this order or as required by law. Defendants shall certify by affidavit to Plaintiff the permanent deletion, or return to Plaintiff any copies, of the Confidential

Documents (including electronic copies of the Confidential Documents), except for the copy to be maintained in Defendants' files pursuant to the preceding sentence.

Baton Rouge, Louisiana, this _____ day of _____, 2010.

_____
UNITED STATES MAGISTRATE JUDGE